[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence: January 17, 1997 Date of Application: January 17, 1997 Date Application Filed: February 21, 1997 Date of Decision: April 24, 2001
Application for review of sentence imposed by the Superior Court, Judicial District of Hartford.
Docket No. CR 95-471613
Timothy Mannion, Defense Counsel, for Petitioner.
Victor Carlucci. Jr., Assistant State's Attorney, for the State.
 BY THE DIVISION
The petitioner's right to a sentence review hearing was restored after failing to timely file his application (§ 51-195) upon the granting of his habeas corpus petition.
The petitioner was convicted after a jury as follows: CT Page 6721
1. Kidnaping (§ 53a-92 (a)(2)(A) — 22 years ESA 16 years, Probation 5 years
2. Assault 3rd (§ 53a-61 (a)(1) — 1 year concurrent
3. Threatening (§ 53a-62 (a)(2) — 1 year concurrent
4. Sexual Assault in a spousal relationship (53a-70B(b) — 16 years concurrent
The total effective sentence was 22 years, ESA 16 years, probation for 5 years.
The essential facts are found in State v. Wilson, 52 Conn. App. 802, 1999
and are as follows:
 The defendant and the victim were married in Jamaica in 1989. Shortly after their marriage the defendant and the victim moved to Springfield, Massachusetts, where the defendant's mother lived. In 1990, the defendant and the victim separated, and the victim moved to Hartford. The defendant and the victim had no further contact with each other until 1994, when the defendant moved to Hartford. He occasionally saw the victim but never cohabited or had a sexual relationship with her. When the defendant learned in March of 1995 that the victim and a male friend had moved to Manchester, he notified his parole officer in Massachusetts of an outstanding warrant for the victim in Massachusetts and her present whereabouts. Thereafter the victim was arrested and transported to Massachusetts.
 The victim was released from jail in Massachusetts three weeks later when the defendant posted her bond. The defendant then drove the victim to his apartment in Hartford, although she had asked to be driven to a girlfriend's apartment in that city. The defendant ordered her out of the car. When the victim refused, the defendant kicked, punched, grabbed and pulled her, screaming, out of the car, where she fell to the pavement. The defendant then grabbed her by the back of her neck and continued to punch her as he led her up the backstairs to his apartment. When they entered the defendant's apartment, he pushed a couch in front CT Page 6722 of the door to prevent the victim from leaving. The defendant detained the victim for approximately twenty hours during which time he grabbed, punched and threatened her. The defendant ripped off the victim's pants and sexually assaulted her. After the assault, the victim continued to scream and cry throughout the night. One of the defendant's neighbors testified that he heard a woman scream several times during the night. Sometime after midnight, the defendant threatened to stab the victim with what appeared to be a kitchen knife if she continued to scream. He let the victim leave the following afternoon, giving her the keys to his car and $50 to buy food and cigarettes.
 The victim drove directly to Mount Sinai Hospital in Hartford. Samuel Ibrahim, a hospital physician who treated her, testified that she had multiple abrasions and bruises on her face and neck including a cut over her right eyebrow, bruising around her right eye and a laceration to her right ear lobe. The victim contacted the police from the hospital and told them what had occurred. Police officers, who noticed scratches and bruises on the victim's face, arrested the defendant at his apartment.
Petitioner's counsel asks the Division to consider reducing the sentence to 15 years ESA 8 years, stating that he is facing deportation on completion of his sentence, that he and the victim are now divorced and he has no contact with her.
The petitioner remarked that he did wrong and he knows it and asks for consideration.
The fact is this was a vicious and violent crime while the petitioner did not previously acknowledge any guilt. He told the probation officer "emphatically" that he was innocent of raping, threatening or kidnaping the victim and said she was lying. He maintained that position at his sentencing hearing, telling the Court that his conscience is clear because he was an innocent person. There was no remorse shown to the sentencing court.
In addition, Wilson has prior convictions for shoplifting, possession of cocaine, possession with intent to distribute (with a five to seven year sentence imposed in Massachusetts), and assaulting a police officer. CT Page 6723
This Division can modify sentence only if it is disproportionate or inappropriate pursuant to the provisions of Practice Book § 43-28. We conclude that this sentence, under the circumstances, was neither and within the reasonable parameters for imposing a sentence. The sentence is affirmed.
Klaczak, Norko and Iannotti, J.s, participated in this decision.